UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MELISSA ANNE WRIGHT, No. 7-09-10892 JR

Debtor

MELISSA ANNE WRIGHT,

Plaintiff

v.   Adversary No. 09-1048 J

VANDERBILT MORTGAGE AND FINANCE, INC.,
CRADDOCK, DAVIS, AND KRAUSE, LLP, SUSAN
CRAWFORD, MICHAEL J. CRADDOCK, RIO GRANDE
TITLE COMPANY f/k/a AMERICAN SURETY TITLE,
REMAX OF SANTA FE, VISTA DEL MUNDO CORPORATION,

Defendants.

## MEMORANDUM OPINION

The following motions are before the Court: 1) Defendants' Motion to Dismiss under FRCP 12(b)(6) and Bankruptcy Rule 7012 ("Motion to Dismiss Complaint") filed by Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), Craddock Davis & Krause, LLP, Susan Crawford and Michael Craddock (Docket Nos. 10 and 11); 2) Defendants' Motion to Dismiss under FRCP 12(b)(6) and Bankruptcy Rule 7012 Plaintiff's Amended Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay ("Motion to Dismiss Amended Complaint") filed by Vanderbilt, Craddock Davis & Krause LLP, Susan Crawford and Michael Craddock (Docket No. 17), and 3) Defendant Rio Grande Title's Motion to Dismiss Adversary Proceeding ("RGT's Motion to Dismiss")(Docket No. 23)(together, the "Motions"). Upon review of the Motions and being otherwise sufficiently informed, the Court finds that Plaintiff

lacks standing to pursue all causes of action raised in this Adversary Proceeding except for Plaintiff's action for willful violation of the automatic stay asserted against Defendants Vanderbilt, Craddock Davis and Krause, LLP, Susan Crawford, and Michael Craddock.

BACKGROUND

Melissa Anne Wright (referred to hereinafter as the Debtor, or Plaintiff) filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 5, 2009. The Debtor listed Vanderbilt on the creditor's mailing list associated with her bankruptcy case. On March 19, 2009, Debtor filed Schedules A– J, Summary of Schedules and Statement of Financial Affairs. Debtor did not list any cause of action against Vanderbilt in her Schedules or Statement of Financial Affairs. Pre-petition, Vanderbilt initiated foreclosure proceedings against the Debtor in the Fifth Judicial District Court, State of New Mexico, County of Chaves, as Case No. CV-2006-1193 ("State Court Foreclosure Action"). The State Court Foreclosure Action is the subject of an appeal by the Debtor to the State of New Mexico Court of Appeals as Case No. 29, 038.

On April 6, 2009, Debtor filed an Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay ("Complaint") against Vanderbilt, Craddock, Davis, and Krause, LLP, Susan Crawford, and Michael Craddock. *See* Docket No.1. The Complaint seeks damages against Vanderbilt and its attorneys Craddock, Davis and Krause, LLP, Susan Crawford and Michael Craddock based on an alleged willful violation of the automatic stay under 11 U.S.C. § 362, and asks that the attorneys for Craddock, Davis and Krause, LLP be held liable for deceit and collusion pursuant to N.M.S.A. § 36-2-17. On May 4, 2009, before any party filed an answer to the Complaint, Plaintiff filed an Amended Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay ("Amended Complaint"). The Amended

Complaint added Defendants RGT, Remax of Santa Fe, and Vista Del Mundo Corporation. Although the Amended Complaint references 11 U.S.C. § 362, the Amended Complaint focuses primarily on matters that occurred pre-petition surrounding the validity of the underlying note and mortgage that were the subject of the State Court Foreclosure Action. *See* Amended Complaint, ¶¶ 14-38. In the Amended Complaint, Plaintiff asserts, among other things, claims of willful violation of the automatic stay, racketeering, fraud, conspiracy, unfair trade practices, and violations of 18 U..C. §§ 1001-1010.

DISCUSSION

The Complaint Will be Considered Along with the Amended Complaint.

Pursuant to Fed.R.Civ.P. 15, made applicable to adversary proceedings by Fed.R.Bankr.P. 7015, a plaintiff may file an amended complaint at any time before an opposing party serves a responsive pleading. Rule 15(a)(1)(A)("A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."). In this case, Debtor filed the Amended Complaint before any Defendant served a responsive pleading. In accordance with Fed.R.Civ.P. 15(a)(1)(A), Debtor was entitled to file the Amended Complaint as a matter of right. Ordinarily an amended complaint supersedes the original complaint and controls the matters before the Court such that any causes of action raised in the original complaint that are not also stated in an amended complaint are abandoned. *See, e.g., King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994)( "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")(citation omitted); *Lubin v. Chicago Title & Trust Co.,* 260 F.2d 411, 413 (7th Cir. 1958) ("It is hornbook law that an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter *functus officio.*")(citation omitted). However, in this adversary proceeding, because the Amended

-3-

Complaint, which Plaintiff filed without the assistance of counsel, states that the Complaint is amended to add claims and parties, references the claims in the original Complaint seeking damages for willful violation of the automatic stay, is titled Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay, recites 11 U.S.C. § 362 as a "controlling law," and contains a recitation that the new "allegations concern the same 'core of facts' alleged in the original complaint", the Court will treat the Amended Complaint as having incorporated by reference all of the allegations contained in the Complaint. *Cf. Smith v. U.S.,* 561 F.3d 1090, 1096 (10th Cir. 2009) (noting that "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.")(quoting *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted)).

Standards for Motion to Dismiss

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well pleaded facts and evaluates those facts in the light most favorable to the plaintiff. *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006). The time-tried standard of proof established by *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), whereby a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has now been replaced by the standard enunciated in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under *Twombly,* in order to survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint must contain enough facts to state a cause of action that is "plausible on its face." 550 U.S. at 570. In other words, the plaintiff must "nudge [his] claims across the line from

-4-

conceivable to plausible." *Id.* In applying this new standard, the Tenth Circuit has directed the trial court to "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief" *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215,n.2 (10th Cir. 2007)(citation omitted). The plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed. *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007)(citation omitted).

Generally, if the court considers matters outside the pleadings, the Court must convert a motion to dismiss into a motion for summary judgment.[1] A Court may, however, appropriately consider matters that are subject to judicial notice without having to treat a motion to dismiss as a motion for summary judgment.[2] For purposes of considering the instant Motions, the Court will take judicial notice of the statements and schedules Plaintiff filed in her bankruptcy case for purposes of determining what causes of action, if any, were scheduled or otherwise disclosed therein as assets of the estate.[3] And because the Court is not otherwise considering any matters outside the pleadings, including any of the exhibits Defendants attached to the Motion to Dismiss Complaint, the Court need not convert the motion into a motion for summary judgment.

<u>Property Not Listed in A Debtor's Statement of Financial Affairs or Schedules Remains Property of the Estate Even After the Closing of the Bankruptcy Case</u>

---

[1] *See* Rule 12(d), Fed.R.Civ.P.; *Utah Gospel Mission v. Salt Lake City Corp.,* 425 F.3d 1249, 1253 (10th Cir. 2005).

[2] *See Tal v. Hogan,* 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)(noting that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.")(citations omitted). Matters subject to judicial notice include facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Federal Rule of Evidence 201.

[3] *Cf. Rose v. Beverly Health and Rehabilitation Services, Inc.,* 356 B.R. 18, 22 and 23 (E.D.Cal. 2006), *aff'd,* 295 Fed.Appx. 142 (9th Cir. 2008)(unpublished)(court could take judicial notice of the debtor's schedules in deciding motion to dismiss, noting that "a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court.")(citation omitted). *See also, In re Theatre Row Phase II Associates,* 385 B.R. 511, 520 (Bankr.S.D.N.Y. 2008)(stating that "[i]n a bankruptcy case, the court can take judicial notice of all of the documents filed in the case although it must not make factual findings about disputed facts from those documents."). In this case, the contents of the statements and schedules filed in Plaintiff's bankruptcy proceeding are not in dispute.

Property of the estate, defined under 11 U.S.C. § 541, encompasses a broad range of property and includes all of a debtor's legal interests of the debtor in property as of the commencement of the debtor's bankruptcy case. 11 U.S.C. § 541(a)(1). A pre-petition cause of action that a debtor holds under state law constitutes property of the bankruptcy estate.[4]

Property of the estate remains property of the estate until otherwise administered or abandoned by the trustee. 11 U.S.C. § 554. Property that a debtor properly schedules is abandoned to the debtor upon closing of the case; however "[u]nless the court orders otherwise, property of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate." 11 U.S.C. § 554(c) and (d).[5] Here, Debtor did not list her causes of action against Vanderbilt, Craddock Davis & Krause, LLP, Susan Crawford, Michael Craddock, RGT, Remax of Santa Fe, or Vista del Mundo in her statement of financial affairs or her schedules. Identifying the mortgage that is the subject of her claims is not the equivalent of listing the causes of action in her statement of financial affairs or schedules. Debtor contends that she mentioned her claims to the Chapter 7 Trustee at the meeting of creditors.[6] But she did not schedule any of her causes of action anywhere in her bankruptcy papers. A cause of action

---

[4] *See Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir. 1996)(stating that property of the estate "includes causes of action belonging to the debtor at the commencement of the bankruptcy case.")(citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 367, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323 (property of the estate under § 541 "will include choses in action and claims by the debtor against others.")(remaining citations omitted); *In re White,* 297 B.R. 626, 634 (Bankr.D.Kan. 2003)("An accrued cause of action belonging to the debtor at the commencement of the bankruptcy case is property of the estate.")(citing *In re Smith,* 293 B.R. 786 (Bankr.D.Kan. 2003)).

[5] Those sections provide, in relevant part:
> Unless the court orders otherwise, any property scheduled under section 521(l) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . .
>
> . . . property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.
>
> 11 U.S.C. § 554(c) and (d).

[6] *See* Plaintiffs' [sic] Response and Objection to Defendant Rio Grande Title's Motion to Dismiss Adversary Proceeding (Docket No. 25), pp. 4 – 5 (stating that she told the trustee when asked at the meeting of creditors about any personal injury or other suits that she had claims against "the mortgage company, possible state, county, title company . . .").

-6-

that was never listed in a debtor's bankruptcy schedules and not administered by the trustee is not abandoned to the debtor and remains property of the estate, even after the case is closed,[7] and even if the case trustee otherwise has knowledge of the claims.[8] Thus, all of Plaintiff's pre-petition causes of action she alleges against Vanderbilt, RGT, Remax of Santa Fe and Vista del Mundo arising from the State Court Foreclosure Action and/or the mortgage and note which were the subject of the State Court Foreclosure Action constitute property of the Debtor's bankruptcy estate even though the bankruptcy case is closed. Such causes of action were not abandoned to her upon the closing of her bankruptcy case because she failed to list them in her statements and schedules.[9]

<u>Plaintiff Lacks Standing to Assert Her Pre-Petition Claims</u>

Pursuant to Rule 17, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7017, Fed.R.Bankr.P., "[a]n action must be prosecuted in the name of the real party in interest."

---

[7] *See Anderson v. Acme Markets, Inc.,* 287 B.R. 624, 629 (E.D.Pa. 2002)(stating that "an unscheduled cause of action . . . remains property of the estate")(citing *Calabrese v. McHugh,* 170 F.Supp.2d 243, 256 (D.Conn. 2001) (stating that "[a] cause of action is part of the estate even if the debtor failed to schedule the claim in his petition" and concluding that "claims not abandoned by the trustee under [sections 554(a) and 554(b)] remain part of the estate even after closure of the bankruptcy case, and the debtor loses all rights to those claims in his own name") (citing 11 U.S.C. §554(d))

[8] *See, e.g., Jeffery v. Desmond,* 70 F.3d 183, 186 (1st Cir. 1995)(rejecting appellants' contention that the cause of action was abandoned by operation of law because the case trustee knew about the cause of action when he filed the report of no assets, stating that "[t]he law is abundantly clear that the burden is on the debtors to list he asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1) before the close of the case.")(citation omitted); *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991)(stating that "[i]t is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1)" in order for the property to be abandoned by operation of law)(citation omitted). *But cf. In re Hill,*195 B.R. 147 (Bankr.D.N.M. 1996)(finding that claim had been abandoned by trustee even though debtor did not formally list the claim in his schedules, where debtor disclosed the cause of action in the statement of financial affairs and answered questions about the claim at the meeting of creditors). *Hill* is distinguishable by the fact that the Trustee's notice of abandonment expressly stated that the Trustee was abandoning all assets listed in the schedules and *statements*. *Id.*at 151. Thus, in *Hill*, there was an express abandonment, not a deemed abandonment, upon the closing of the case.

[9] *See In re Winburn,* 167 B.R. 673, 676 (Bankr.N.D.Fla. 1993)( stating that "[i]f the debtor fails to list an asset of the estate in his schedules and this property is not administered before the case is closed, then the asset is not deemed abandoned[ ]" and concluding that because the debtor did not list the cause of action in the statements and schedules, "it was not abandoned by operation of law and remains property of the estate under 11 U.S.C. § 554(d).")(citing *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn. 1983)).

Rule 17(a)(1), Fed.R.Civ.P. As explained above, the causes of action Plaintiff seeks to assert against Vanderbilt, RGT, Remax of Santa Fe and Vista del Mundo arising from the State Court Foreclosure Action and/or the mortgage and note which were the subject of the State Court Foreclosure Action remain property of the bankruptcy estate. Because such causes of action constitute property of the bankruptcy estate, the Chapter 7 trustee is the real party in interest with exclusive standing to assert these claims. *Wieberg v. GTE Southwest Inc.,* 272 F.3d 302, 306 (5th Cir. 2001) (holding that "[b]ecause the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.")(citations omitted).[10] However, the Court must not dismiss the claims based on Plaintiff's lack of standing, unless "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule 17(3), Fed.R.Civ.P., made applicable to adversary proceedings by rule 7017, Fed.R.Bankr.P. *See also Wieberg*, 272 F.3d at 309 (concluding that the district court should not have dismissed the action "without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were inappropriate.")(citation omitted). For this reason, the Court will give the Chapter 7 Trustee an

---

[10] If the pre-petition claims alleged in the Complaint and Amended Complaint had been abandoned to the Plaintiff, except for the claim for violation of the automatic stay, this Court would lack jurisdiction to hear or determine the claims because such claims do not arise under title 11, do not arise in a case under title 11 and would not be related to a case under title 11. The claims are governed entirely by nonbankruptcy law, exist independently of a bankruptcy case, and, if abandoned, the resolution of the claims would have no impact on the handling or administration of the bankruptcy case and would have no conceivable effect on the bankruptcy estate. *See* 28 U.S.C. § 1334(a) and (b) (conferring exclusive jurisdiction on the district courts over all cases under title 11, and original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(b)(providing that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11"). *Cf. VonGrabe v. Mecs (In re VonGrabe),* 332 B.R. 40, 43-44 (Bankr. M.D.Fla. 2005) (concluding that the Court lacked jurisdiction over an adversary proceeding filed by the Chapter 7 debtor where the claims at issue reverted back to the debtor upon abandonment by the trustee and the asset was no longer part of the bankruptcy estate; the outcome of the proceeding would have no conceivable impact on the administration of the bankruptcy estate)(citations omitted). S*ee also In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009) (bankruptcy courts have jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11", and may hear non-core proceedings that are related to a case under title 11)(quoting 28 U.S.C. § 157(b)(1)); *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (stating that "[b]ankruptcy courts have jurisdiction over core proceedings . . . [which] are proceedings which have no existence outside of bankruptcy.").

opportunity to determine whether to substitute as plaintiff in this adversary proceeding before dismissing these causes of action due to Plaintiff's lack of standing.

If the Trustee does not seek to join or be substituted into this adversary proceeding as a party plaintiff, the Court will dismiss all claims, other than the claim for willful violation of the stay, without prejudice. Absent such joinder or substitution by the Trustee, no party to this action would have standing to assert the prepetition claims alleged by the Plaintiff. And because those claims, and any post-petition claims, are property of the Plaintiff and not property of the bankruptcy estate, the Court would have no jurisdiction to hear or determine those claims.[11]

<u>The Complaint States a Cause of Action for Willful Violation of the Automatic Stay</u>

A debtor damaged by a creditor's willful violation of the automatic stay is entitled to recover damages in accordance with 11 U.S.C. § 362(k)(1), which provides, in relevant part:

> . . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> 11 U.S.C. § 362(k)(1).

To demonstrate that a creditor has willfully violated the automatic stay, a plaintiff must show that 1) the creditor had knowledge of the automatic stay; and 2) the creditor intentionally took action that violated the automatic stay. *In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007) (holding that "in order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation[.]") (citations omitted). Specific intent to violate the automatic stay is not required. *Id.*

---

[11] *Cf. Sicherman v. Crosby (In re Rivera),* 379 B.R. 728, 731 (Bankr.N.D.Ohio 2007)(concluding that court lacked jurisdiction over Chapter 7 debtor's post-petition legal malpractice claim because the claim belonged to the debtor personally and, therefore, could have no conceivable effect on the bankruptcy estate).

-9-

Plaintiff's Complaint as incorporated in the Amended Complaint includes the following allegations: 1) that she filed a voluntary petition for bankruptcy on March 5, 2009; 2) that a foreclosure action was scheduled in the State Court Action on March 9, 2009; 3) that she filed a notice of bankruptcy in the State Court Action; 4) that the foreclosure sale occurred on March 9, 2009; 5) that the sale occurred after constructive notice of the bankruptcy was given; 6) that Vanderbilt's attorneys filed a special masters report of the foreclosure sale in the State Court Action on March 11, 2009; 7) that Vanderbilt by its counsel filed a motion for relief from stay on March 16, 2009, and 8) that an order confirming the foreclosure sale was filed in the State Court Action on March 16, 2009.

Vanderbilt, Craddock & Davis, Susan Crawford and Michael Craddock acknowledge that the foreclosure sale, which occurred after the filing of Plaintiff's bankruptcy case, is void. They assert that they received notice of the bankruptcy on March 12, 2009, and promptly thereafter sought relief from the automatic stay. *See* Motion to Dismiss Complaint, p. 2, ¶¶ 2-3. These Defendants argue that Plaintiff has failed to state a claim inasmuch as they did not have actual notice of the commencement of the bankruptcy case until March 12, 2009, Plaintiff has not alleged that she notified Defendants of the bankruptcy prior to the March 9, 2009 foreclosure sale, and that "constructive notice" is not sufficient to find that a creditor had knowledge of the automatic stay. The Court disagrees.

In accepting the facts in the light most favorable to the Plaintiff, the Court finds that based on the factual allegations in the Complaint and reasonable inferences that can be made from those allegations, the Complaint plausibly supports a claim for willful violation of the automatic stay upon which relief can be granted. The Complaint alleges that Defendants conducted a foreclosure sale and took other action to prosecute the foreclosure action after

receiving constructive notice of the bankruptcy case in violation of the automatic stay. Plaintiff does not specify what she means by "constructive notice." Some courts have found that in certain circumstances constructive notice of a debtor's bankruptcy proceeding can be attributed to a creditor for purposes of finding that a creditor willfully violated the automatic stay.[12] Drawing reasonable inferences of what could be encompassed in the allegation of "constructive notice," the allegations in the Complaint plausibly support a claim for willful violation of the automatic stay

Further, even if the Defendants did not receive notice (constructive or otherwise) of the bankruptcy prior to the foreclosure sale, the Complaint alleges that the State court order confirming the foreclosure sale was filed on March 16, 2009, which is after the date Defendants acknowledge that they had actual notice of the Plaintiff's bankruptcy case. In responding to the Complaint, Defendants deny that the order confirming the foreclosure sale was filed on March 15, 2009, stating that it was signed by Judge Bell on March 15, 2009. *See* Answer, p. 5, ¶ 13. However if Defendants, after they had knowledge of the bankruptcy case but before stay relief was granted, caused entry of the order confirming the foreclosure sale in the State Court Action, a willful violation of the automatic stay would have occurred.

Defendants have not filed a motion for summary judgment with supporting affidavits that might demonstrate the absence of a material fact and entitlement to judgment as a matter of law, but instead have requested dismissal of Plaintiff's cause of action for failure to state a claim. Because the Court must accept as true all allegations in the Complaint, and because the

---

[12] *See, e.g., Utah State Credit Union v. Skinner (In re Skinner),* 90 B.R. 470, 479-480 (D. Utah 1988)(finding that knowledge of the automatic stay could be constructively attributed to the credit union where notice of the bankruptcy proceeding was received by the credit union, but unopened by its employees); *In re Withrow,* 93 B.R. 436, 437 (Bankr.W.D.N.C. 1988)(notice of bankruptcy given to creditor's attorney was imputed to the creditor under agency principles for purposes of determining whether creditor had knowledge of the automatic stay). *See also In re Crawford,* 388 B.R. 506, 519 (Bankr.S.D.N.Y. 2008)(stating that "where notice of a bankruptcy filing has been provided to a sub-agent, . . . the principal becomes liable for any violation of the automatic stay committed by those agents or sub-agents.").

-11-

Complaint contains an allegation that constructive notice of the pending bankruptcy was given to Defendants before the entry of the order confirming the foreclosure sale, the Court finds that the claim for willful violation of the stay as stated in the Complaint and incorporated into the Amended Complaint is sufficient to withstand Defendants' motion to dismiss.

Based on the foregoing, the Court concludes that (i) Defendant's motion to dismiss Plaintiff's action for willful violation of the automatic stay should be denied; and (ii) Plaintiff lacks standing to pursue all remaining causes of action against Vanderbilt, Craddock, Davis & Krause, LLP, Michael Craddock and Susan Crawford, Rio Grande Title Company, Remax of Santa Fe, and Vista del Mundo Corporation. The Court will give the Trustee a 20-day opportunity to be substituted as the real party in interest before dismissing Plaintiff's causes of action other than the claim for willful violation of the stay. Separate orders consistent with this Memorandum will be entered accordingly.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 30, 2009

COPY TO:

**Melissa Anne Wright**
1305 South Brown
Roswell, NM 88203

**Susan P Crawford**
Attorney for Vanderbilt Mortgage and Finance, Inc., Michael Craddock, Susan Crawford, and Craddock, Davis and Krause LLP
3100 Monticello Ave Ste 550
Dallas, TX 75205-3466

| | |
|---|---|
| **Shay E Meagle**<br>Attorney for Rio Grande Title Company<br>PO Box 50700<br>Albuquerque, NM 87181-0700 | **Linda S. Bloom**<br>Chapter 7 Trustee<br>PO Box 218<br>Albuquerque, NM 87103-0218 |