UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MELISSA ANNE WRIGHT,            No. 7-09-10892 JR

     Debtor.

MELISSA ANNE WRIGHT,

     Plaintiff,

v.            Adversary No. 09-1048 J

VANDERBILT MORTGAGE AND FINANCE, INC.,
CRADDOCK, DAVIS, AND KRAUSE, LLP, SUSAN
CRAWFORD, MICHAEL J. CRADDOCK, RIO GRANDE
TITLE COMPANY f/k/a AMERICAN SURETY TITLE,
REMAX OF SANTA FE, and VISTA DEL MUNDO CORPORATION,

     Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Defendants Vanderbilt Mortgage and Finance, Inc., Craddock Davis & Krause LLP, Susan Crawford and Michael Craddock's Amended Motion for Summary Judgment and Memorandum in Support ("Amended Motion") filed March 26, 2010. (Docket No. 63). Melissa Wright filed Plaintiff's Response and Answers to Defendants Amended Motion for Summary Judgment ("Response") on April 20, 2010. (Docket No. 67). The Court denied Defendants' initial request for summary judgment, finding that the evidence Defendants presented in support of their request was insufficient. *See* Order Denying Motion for Summary Judgment (Docket No. 59). Defendants' Amended Motion is properly supported by affidavits from which the Court can now conclude that there has been no willful violation of the automatic stay by Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt Mortgage"), Craddock Davis & Krause LLP, Susan Crawford, or Michael Craddock. Plaintiff's Response fails to raise

any genuine issues of material fact that would preclude the entry of summary judgment.  The Court will, therefore, grant Defendants' Amended Motion and enter summary judgment in their favor.

BACKGROUND

The only remaining claim in this adversary proceeding is Ms. Wright's claim for compensatory and punitive damages, costs and interest under 11 U.S.C. §362(k) based on Defendants' alleged willful violation of the automatic stay.[1]  Ms. Wright's Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay ("Complaint"), as amended by her Amended Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay ("Amended Complaint"), alleges that Defendants willfully violated the stay by taking the following actions after the commencement of her Chapter 7 bankruptcy case:  (i) conducting a foreclosure sale of her residence, (ii) filing an affidavit of publication of the sale, (iii) filing a Special Masters Report of the sale, and (iv) obtaining a state court order confirming the foreclosure sale.  In particular, Ms. Wright complains that Defendants failed to take action to prevent the entry of the order confirming the foreclosure sale after Defendants admit they had actual notice of the filing of Ms. Wright's bankruptcy case.  Ms. Wright's Response to the Amended Motion continues to assert that Defendants were on constructive notice of her pending bankruptcy when the order confirming the foreclosure sale was entered in the state court action, and that Defendants either caused the entry of the order or otherwise did not prevent the entry of or filing of the order in violation of the automatic stay.

---

[1] By an order entered November 24, 2009 (Docket No.44), the Court dismissed all claims against the Defendants in this adversary proceeding except for Ms. Wrights' claim that Defendants willfully violated the automatic stay.

-2-

SUMMARY JUDGMENT STANDARD

It is appropriate for the Court to grant summary judgment if the pleadings, discovery materials, and any affidavits before the Court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c) made applicable to the adversary proceeding by Fed. R. Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Courts must review the evidentiary materials submitted in support of a motion for summary judgment to ensure that the motion is properly supported by evidence.

A motion for summary judgment may be supported by affidavits, but affidavits are not required. *See* Fed.R.Civ.P. 56(c)(2); Fed.R.Civ.P. 56(a)(A party claiming relieve may move *with or without* supporting affidavits . . .")(emphasis added). An affidavit offered in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e)(1). The party opposing a properly supported motion for summary judgment, "may not rely merely on allegations or denials" contained in his or her own pleading, but must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). Defendants' Amended Motion was properly supported by affidavits. Plaintiff has not offered an affidavit in opposition to Defendants' Amended Motion. Nevertheless, in determining whether to grant a movant's request for summary judgment, the Court must view the facts in the light most favorable to the party opposing summary judgment. [2]

---

[2] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most

-3-

The Court will review the Amended Motion and Plaintiff's opposing response in light of these standards.

## UNDISPUTED FACTS

Based on the evidence now before the Court, the following facts are undisputed:

1. On October 2, 2008, the Court entered a Final Judgment against Kevin Uyehara and Melissa Wright and in favor of Vanderbilt Mortgage in a case entitled *Vanderbilt Mortgage and Finance Inc. v. Kevin Uyehara and Melissa Wright*, Fifth Judicial District, County of Chaves, State of New Mexico, Case No. CV-2006-1193 (the "State Court Action" or "Foreclosure Action"). (Amended Motion, Exhibit 1-A).

2. On December 5, 2008, the state court entered a Decree of Foreclosure and Order of Sale and Appointment of Special Master in the State Court Action. (Amended Motion, Exhibit 1-B). The property subject to the foreclosure is Ms. Wright's residence.

3. Ms. Wright filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 5, 2009 as Case No. 7-09-10892 ("Chapter 7 Case").

4. Ms. Wright did not file a creditor list in the Chapter 7 Case until March 19, 2009, at which time Vanderbilt Mortgage was added to the mailing list maintained by the Clerk of Court for the Chapter 7 Case. (*See* Docket No. 12 and Docket No. 15 in the Chapter 7 Case).

5. On March 7, 2009, the Bankruptcy Noticing Center served a copy of the Notice of Chapter 7 Case, Meeting of Creditors and & Deadlines ("Notice of Commencement of Case") only on the Chapter 7 Trustee appointed in the Chapter 7 Case, the United States Trustee, the

---

favorable to the party opposing summary judgment.' ")(quoting *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)))(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir.1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party ...").

-4-

New Mexico Taxation & Revenue Department, and Ms. Wright. Chapter 7 Case, Docket No. 7).[3]

6. The Bankruptcy Noticing Center did not serve a copy of the Notice of Commencement of Case on any of the Defendants. *Id.*

7. Ms. Crawford is an attorney employed by Craddock Davis and Krause LLP, and while working for that firm represented Vanderbilt Mortgage in the Foreclosure Action. (Amended Motion, Exhibit 1 – Affidavit of Susan P. Crawford, ¶ 4).

8. Ms. Crawford served as Special Master to conduct the foreclosure sale of Ms. Wrights' residence. *Id.* at ¶ 5.

9. Ms. Crawford conducted a foreclosure sale of Ms. Wright's property on March 9, 2009 at 1:00 p.m. on the west side of the Chaves County Courthouse steps where the notice of foreclosure sale stated that the foreclosure sale would be held. *Id.* at ¶¶ 7, 8, 9.

10. Before conducting the foreclosure sale, Ms. Crawford looked about but did not see Ms. Wright. Neither did she see Ms. Wright after the foreclosure sale when she walked back around the courthouse. *Id*. at ¶¶ 8 and 10.[4]

11. Ms. Crawford was not aware that the Chapter 7 Case had been filed at the time she conducted the foreclosure sale. *Id*. at ¶ 15.

12. On March 10, 2009, Ms. Crawford prepared the Special Masters Report of Sale, Special Masters Announcements at Foreclosure Sale, the Special Masters Deed and Proposed

---

[3] A copy of the docket from the Chapter 7 Case is attached as Exhibit 1-I to the Amended Motion. The Court takes judicial notice of the docket and the documents filed in the Chapter 7 Case. *See In re Winslow,* 186 B.R. 716, 721 (D. Colo. 1995)(taking judicial notice of the bankruptcy court's records and files)(citing *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979)).

[4] Ms. Wright continues to assert that on March 9, 2009 she went to the Chaves County Court house to attend the foreclosure sale, armed with a copy of a notice of her bankruptcy petition, but was unable to locate the place of the foreclosure auction. Response, page 2. (This is not an undisputed fact because it is not support by admissible evidence.)

Order of Confirmation ("Order Confirming Sale") and mailed them to the Chaves County Clerk. *Id.* at ¶¶ 13 and 14.

13. Ms. Crawford received a copy of Ms. Wright's Chapter 7 Petition via first class United States mail some time during the afternoon of March 12, 2009. *Id.* at ¶¶ 17 and 19. This was the first notice, in any form, that Ms. Crawford received informing her of Ms. Wright's bankruptcy case and was the first time she had actual knowledge of the Chapter 7 Case. *Id.* at ¶ 19.

14. After receiving the Notice of Filing of Bankruptcy in the mail, Ms. Crawford immediately contacted Vanderbilt Mortgage and the Dallas office of Craddock Davis & Krause and advised them of the Chapter 7 Case. *Id.* at ¶ 19. She further notified Vanderbilt Mortgage that the foreclosure sale was void, and asked Vanderbilt Mortgage about filing a motion for relief from the automatic stay to obtain an order to conduct a valid foreclosure sale. *Id.*

15. Between March 5, 2009, when Ms. Wright filed her voluntary petition under Chapter 7 of the Bankruptcy Code and March 12, 2009, Ms. Wright never contacted Ms. Crawford in any manner Crawford to inform her that the Chapter 7 Case had been filed. *Id.* at ¶ 17.

16. Neither Ms. Crawford nor any of the other Defendants took any action with respect to the Order Confirming Sale after the order was mailed to the State Court on March 10, 2009. *Id.* at ¶ 21.

17. The State Court signed the Order Confirming Sale on March 16, 2009. (Amended Motion – Exhibit 1-E).

18. Michael J. Craddock is the managing partner of the law firm of Craddock Davis & Krause LLP. (Amended Motion – Exhibit 2 - Affidavit of Michael Craddock, ¶ 3).

19. Michael J. Craddock and Craddock Davis & Krause LLP first received notice of the filing of Ms. Wright's bankruptcy case on March 12, 2009 when Ms. Crawford informed Mr. Craddock by e-mail that she had received a copy of Ms. Wright's voluntary Chapter 7 Petition by First Class U.S. Mail. *Id.* at ¶¶ 6, 7, and 8. No one at the Craddock Davis & Krause LLP received any form of notice of Ms. Wright's bankruptcy case prior to March 12, 2009. *Id.*[5]

20. Vanderbilt Mortgage first received notice that Ms. Wright filed a bankruptcy case on March 12, 2009 when Ms. Crawford advised Vanderbilt Mortgage that she had received a copy of Ms. Wright's petition by first class United States mail that day. (Amended Motion – Exhibit 3, Affidavit of David Banner, Portfolio Manager with Vanderbilt Mortgage assigned to supervise Ms. Wright's case since 2007, ¶¶ 3 and 4). No one at Vanderbilt Mortgage received any mail or telephone calls prior to March 12, 2009 notifying it of the filing of Ms. Wright's bankruptcy case. *Id.* at ¶ 5 and 6.

21. Vanderbilt Mortgage did not file the Special Masters Deed approved by the Order Confirming Sale signed by the State Court Judge on March 16, 2009 and entered in the State Court Action on the same date. (Amended Motion - Exhibit 1, Affidavit of Susan P. Crawford, ¶ 21).

22. On March 16, 2009, Vanderbilt Mortgage filed a motion for relief from stay in the Chapter 7 Case seeking modification of the stay to permit it to complete the foreclosure sale. *Id.* at ¶ 20. *See also,* (Docket No. 8 in the Chapter 7 Case).

23. A copy of the motion for relief from stay was sent to Ms. Wright by prepaid regular U.S. Mail on the same date the motion was filed. *Id.*

---

[5] Ms. Wright appears to concede that she did not attempt to notify personnel at Vanderbilt or Craddock Davis & Krause about the filing of her bankruptcy case. She asserts in her Response that the two additional statements (the Affidavit of Mr. Crawford and the Affidavit of Mr. Banner) "are irrelevant" and that "no contact has ever been made by Plaintiff to these individuals now or ever since 2006." Response, p. 9.

24. On March 27, 2009, Ms. Wright filed a response to the motion for relief from stay objecting to stay relief. *See* (Docket No. 16 in the Chapter 7 Case).

25. After conducting a preliminary hearing on April 21, 2009 and an evidentiary hearing on May 12, 2009 on Ms. Wright's objection to the motion, this Court entered an order granting stay relief on June 4, 2009. Amended Motion, Exhibit 1-L.

26. Ms. Wright filed the Complaint commencing this adversary proceeding on April 6, 2009 and filed an Amended Complaint on May 4, 2009. (*See* Docket No. 1 and Docket No. 5). On April 16, 2009, Ms. Wright served the Complaint on Defendants by regular U.S. Mail. (*See* Docket No. 4). She served the Amended Complaint on Defendants by regular U.S. Mail on May 19, 2009. (*See* Docket No. 14).

27. On or about June 15, 2009, Vanderbilt filed a motion in the State Court Action seeking to vacate the Order Confirming Sale. Amended Motion, Exhibit 1-J. An order vacating the Order Confirming Sale was entered in the Foreclosure Action on June 22, 2009. Amended Motion, Exhibit 1-K.

28. There is no evidence that Ms. Wright ever made any request or demand for Vanderbilt Mortgage to seek an order vacating the Order Confirming Sale.

## DISCUSSION

Upon the filing of a voluntary petition under the Bankruptcy Code, 11 U.S.C. § 362 imposes an automatic stay applicable to all entities that, among other things, prohibits certain actions against the debtor or against property of the bankruptcy estate unless the stay is modified

-8-

to permit those actions. 11 U.S.C. §362(a). The scope of the automatic stay is broad[6] and, among other things, specifically prohibits:

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
>
> 11 U.S.C. §362(a)(1).

By the express terms of Section 362(a), any action taken by a creditor to commence or continue litigation against the debtor, unless excepted from the stay under 11 U.S.C. §362(b), violates the automatic stay. Actions taken in violation of the automatic stay are void.[7]

A party injured by a creditor's willful violation of the automatic stay is entitled to recover damages in accordance with 11 U.S.C. § 362(k)(1). That section provides:

> an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> 11 U.S.C. § 362(k)(1).

To be willful within the meaning of 11 U.S.C. § 362(k), a creditor must know of the automatic stay and intentionally take the action that violates the stay.[8] Specific intent to violate the automatic stay is not required. *Id.*

Actions taken without notice or knowledge on the part of a creditor of the commencement or pendency of the bankruptcy case nevertheless violate the stay, but the

---
[6] *In re Firstline Security, Inc.,* 415 B.R. 553, 557 (Bankr.D.Utah 2009); *In re Hokanson,* 383 B.R. 548, 557 (Bankr.D.Kan. 2008); *In re Sullivan,* 357 B.R. 847, 853 (Bankr.D.Colo. 2006). *See also Acands, Inc. v. Travelers Casualty and Surety. Co.,* 435 F.3d 252, 259 (3rd Cir. 2006).

[7] *See In re Calder,* 907 F.2d 953, 956 (10th Cir. 1990)(" . . . any action taken in violation of the stay is void and without effect . . .")(citing *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir. 1990)).

[8] *See In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007)(holding that "in order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation[.]")(citation omitted).

-9-

violation is merely "technical"[9] and no damages are to be awarded.[10] "Notice of the commencement or pendency of a bankruptcy case need not be formal in nature 'where the creditor had sufficient facts which would cause a reasonably prudent person to make further inquiry.'"[11]

The undisputed facts show that none of the Defendants had notice or knowledge of the commencement of Ms. Wright's bankruptcy until March 12, 2009. Ms. Wright did not contact Ms. Crawford, Vanderbilt Mortgage, Craddock Davis & Krause, LLP or Michael Craddock by telephone or otherwise between March 5, 2009, when Ms. Wright filed her voluntary petition, and March 12, 2009, when Ms. Crawford received the notice of Ms. Wright's bankruptcy case by mail. Any actions taken by Ms. Crawford, Mr. Craddock, Vanderbilt Mortgage, or Craddock Davis & Krause between March 5, 2009 and prior to March 12, 2009 were taken without actual notice or knowledge of the pending bankruptcy. Ms. Crawford conducted the foreclosure sale on March 9, 2009, prepared and executed the Special Masters Report of Sale, including the Special Masters Announcements at Foreclosure Sale, a copy of the proposed Special Masters Deed and a proposed form of Order Confirming Sale on March 10, 2009 and mailed them to the state court on the same day. Such actions violated the automatic stay, but because they occurred before any of the Defendants knew or had reason to know of Ms. Wright's pending bankruptcy, they were

---

[9] "Technical" violation of the stay" as used by this Court means a stay violation committed without notice or knowledge of the bankruptcy case in which the stay was violated.

[10] *In re McMullen*, 386 F.3d 320, 330 (1st Cir. 2004)("Absent such knowledge [of the bankruptcy case] on the part of a creditor, however, the violation is merely 'technical,' and no damages are to be awarded")(citations omitted); *In re Kolberg*, 199 B.R. 929, 933 (W.D. Mich. 1996) ("To award damages under 11 U.S.C. § 362(h), the court must find a willful violation of the automatic stay"); *In re Galmore*, 390 B.R. 901, 906 (Bankr. N.D. Ind. 2008) ("Sanctions should not be imposed where there has been a technical violation of the stay").

[11] *In re Reed*, 102 B.R. 243, 245 (Bankr.E.D.Okl. 1989) (quoting *In re Bragg*, 56 B.R. 46,49 (Bankr.M.D.Ala. 1985). *See also, In re WVF Acquisition*, LLC, 420 B.R. 902, 910 (Bankr. S.D. Fla. 2009)(noting that it is sufficient if the creditor violating the stay had notice of sufficient facts that would cause a reasonably prudent person to make further inquiry in order to determine whether the debtor has filed a bankruptcy case)(citation omitted) ; *In re Reynolds*, 2008 WL 373521 at *8 n.35 (Bankr.D.Kan. Feb. 8, 2008)(unreported)(same).

-10-

not willful violations. Instead, they constitute technical violations for which no damages can be awarded.

> Whether the Filing of a Notice of Bankruptcy put Defendants on Constructive Notice of Ms. Wright's Pending Bankruptcy Case

Ms. Wright argues that by filing a notice of the bankruptcy in the State Court Action on March 9, 2009, Defendants were put on constructive notice of the filing of her bankruptcy. She does not claim to have served a copy of such notice on Vanderbilt Mortgage or its counsel until March 12, 2009. Recorded documents, such as mortgages or materialmens' liens that are filed in the real property records maintained by the country clerk, serve as constructive notice to the world of the contents of the documents to the extent the documents affect title to real property located in the county.[12] The recording of a document in the real property records serves as constructive notice because parties seeking to obtain title to real property have a duty to look in the real property records to determine the status of record title.[13] However, unlike documents that are recorded in the real property records, documents filed in a pending court action do not serve as constructive notice because parties are not duty bound to search the docket for documents that might affect them. To the contrary, a party filing a document in a pending court action is duty-bound to serve the opposing party with the document.[14]

---

[12] *See In re Beltramo,* 367 B.R. 825, 829 (Bankr.D.N.M. 2007)(stating that "[r]ecorded documents serve as constructive notice 'to all the world of the existence and contents of the instruments so recorded from the time of recording.'")(quoting N.M.S.A. 1978 § 14-9-2 (Repl. Pamp. 2003)).

[13] *Cf. In re Colon,* 563 F.3d 1171, 1182 (10th Cir. 2009)(stating that, under Kansas law, the purchaser "must exercise proper care" when examining a conveyance to determine whether it is in the chain of title). *See also, In re Waterford Energy,* 294 Fed. Appx. 900, 905, 2008 WL 4411387 at **4 (5th Cir. 2008)(unreported) (noting that "the doctrine of constructive notice applies only to a person who is 'dealing with the land itself.'")(quoting *Foster v. Augustanna Coll. & Theological Seminary,* 92 Okla. 96, 218 P. 335, 338 (1923)) and rejecting debtor's form of "recordation notice" as sufficient constructive notice of the filing of the bankruptcy because the recorded notice did not list any of the important deadlines and was undertaken without court approval).

[14] *See, e.g.,* Rule 1-005(A) NMRA (requiring that "every written motion . . . and every written notice . . . and similar paper shall be served upon each of the parties."). *See also,* Fed.R.Bankr.P. 9014 (". . . relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.")

Ms. Wright may have gone to the foreclosure sale at on March 9, 2009 at the appointed time "armed with a copy of her bankruptcy" and, failing to make contact with Ms. Crawford, filed a notice of bankruptcy in the State Court Action. But she did not notify Ms. Crawford, Vanderbilt Mortgage, Craddock Davis & Krause, LLP, or Michael Craddock that day by telephone or otherwise to put them on notice of her pending bankruptcy. Those parties were not included on the service list for the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines filed March 5, 2009. *See* Chapter 7 Case, Docket No. 7. Defendants were not put on notice of Ms. Wright's bankruptcy until March 12, 2009, a date *after* the dates Defendants took any action in violation of the automatic stay. As explained above, those actions cannot serve as the basis for finding a willful violation of the automatic stay because they do not constitute intentional acts taken with knowledge of the automatic stay.

<u>Whether Defendants Had a Duty to Take Curative Action Immediately upon Learning of Ms. Wright's Bankruptcy</u>

Ms. Wright asserts that upon learning of her pending bankruptcy case, Defendants had an obligation to contact the judge assigned to the State Court Action in order to prevent the entry of the Order Confirming Sale. In other words, Ms. Wright asserts that their *failure* to act constitutes a willful violation of the automatic stay. A technical stay violation taken by a creditor without notice or knowledge of the automatic stay can become willful if the creditor fails to take appropriate steps to "undo" the violation.[15] In *In re Eskanos & Adler P.C. v. Leetien,* 309 F.3d 1210 (9th Cir. 2002), the Ninth Circuit found that a creditor "willfully violated the automatic stay by maintaining the active collection action and unjustifiably delaying its dismissal after receiving notice of the bankruptcy petition." *Eskanos,* 309 F.3d at 1216.

---

[15] *See, e.g., In re Taylor,* 190 B.R. 459, 461 (Bankr.S.D.Fla. 1995)(imposing damages against creditor who failed to take affirmative steps to remedy an innocent, technical violation of the automatic stay by refusing to vacate a default judgment despite being given an opportunity to remedy the situation.)

-12-

Factors relevant to the determination of whether a creditor's technical violation in continuing a state court action becomes willful for purposes of 11 U.S.C. § 362(k)(1) include:

> 1) whether the debtor asked the creditor to dismiss the litigation; 2) the length of time between commencement of the bankruptcy case and when the creditor was notified of the case; 3) the length of time between the creditor learning of the bankruptcy case and dismissal of the litigation; 4) whether the creditor upon learning of the bankruptcy case sought an emergency hearing on relief from the stay; 5) whether the debtor suffered any prejudice as a result of the delay; and 6) any other circumstances relevant to whether the delay in dismissing the litigation was justified.[16]

Here, it is undisputed that Defendants submitted the documents relating to the foreclosure sale to the state court before they had knowledge or notice of Ms. Wright's bankruptcy. However, they did have actual knowledge of the bankruptcy before the entry of the Order Confirming Sale in the State Court Action. The uncontroverted evidence offered in support of Defendants' Amended Motion is sufficient for the Court to conclude that Defendants did not act unreasonably in failing to contact the state court in an attempt to prevent the entry of the Order Confirming Sale.

First, Defendants knew, and in fact treated the foreclosure sale and the Order Confirming Sale as "void" upon learning of Ms. Wright's pending bankruptcy. Ms. Crawford's affidavit acknowledges that upon receiving notice of Ms. Wright's bankruptcy, she knew that the foreclosure sale was void. None of the Defendants took further action in reliance on the foreclosure sale. They did not record the Special Master's Deed in reliance on the foreclosure sale. Second, Defendants undertook to obtain relief from the automatic stay from the bankruptcy court within four days of learning of the filing of Ms. Wright's bankruptcy case. By filing the motion seeking relief from the stay and serving it upon Ms. Wright, Defendants

---

[16] *In re Kline,* 424 B.R. 516, 526 (Bankr.D.N.M. 2010)(citing *Will v. Ford Motor Credit Co. (In re Will),* 303 B.R. 357, 364 (Bankr.N.D.Ill. 2003), *In re Gossett,* 369 B.R. 361, 375 (Bankr.N.D.Ill. 2007) and *Williams v. General Motors Acceptance Corp.,* 316 B.R. 534, 543-44 (Bankr.E.D.Ark. 2004)).

acknowledged that they were bound by the automatic stay and would need an order from the Bankruptcy Court before they could proceed against Ms. Wright or her property.  Third, Ms. Wright was put on notice that Defendants were not pursuing the State Court Action without permission from the Bankruptcy Court.  She actively opposed relief from the stay.  Ms. Wright was, therefore, not prejudiced by the entry of the Order Confirming Sale.  Fourth, there is no evidence that Ms. Wright demanded that Defendants vacate the Order Confirming Sale.  To the contrary, the only evidence before the Court is that Defendants voluntarily undertook to undo the Order Confirming Sale.  Fifth, Defendants obtained an order from the state court vacating the Order Confirming Sale promptly after obtaining stay relief in the bankruptcy case, which was about three months after Defendants first learned Ms. Wright's bankruptcy case.   The delay between the date Defendants received actual notice of Ms. Wright's bankruptcy and the date Defendants obtained an order vacating the Order Confirming Sale was not unreasonable under the circumstances.

It would have been prudent for the Defendants to contact the state court upon learning of Ms. Wright's pending bankruptcy case.  But under the circumstances of this case, where Defendants treated the Order Confirming Sale as void and promptly took appropriate steps to obtain relief from the automatic stay before proceeding further, and where there is no evidence that Defendants refused a request by Ms. Wright to vacate the Order Confirming Sale or that Ms. Wright was prejudiced by any delay, the Court finds that Defendants' technical violation of the automatic stay is not willful as a matter of law.

The Court will enter and judgment consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

-14-

Case 09-01048-j    Doc 70    Filed 05/27/10    Entered 05/27/10 14:57:00 Page 14 of 15

Date entered on docket: May 27, 2010

COPY TO:

**Melissa Anne Wright**
1305 South Brown
Roswell, NM 88203

**Susan P Crawford**
Attorney for Vanderbilt Mortgage and Finance, Inc., Michael Craddock, Susan Crawford, and Craddock, Davis and Krause LLP
3100 Monticello Ave Ste 550
Dallas, TX 75205-3466